**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

DAWN MICHELLE FRENCH,

    Plaintiff,
v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Dawn Michelle French, files her Complaint against Defendant, Life Insurance Company of North America, and says:

### I.    JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II.    PARTIES

2. Plaintiff, Dawn Michelle French ("Ms. French"), is a citizen of the United States and was at all times relevant a participant of the short-term disability policy ("short-term disability policy") and the long-term disability policy ("LTD policy") at issue. Defendant, Life Insurance Company of North America, ("Defendant"), is the insurer and claims administrator of the short-term disability policy and LTD policy at issue, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.    FACTS

3. At all times material to this action there was in full force and effect a group insurance policy for short-term disability and long-term disability constituting binding contract of insurance between the parties. The disability insurance policies were underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. French was employed with Fidelity Investments as an actuary. By virtue of her employment with Fidelity Investments Ms. French was an eligible participant of the short-term disability and LTD policy at all times material to this action.

6. The purpose of the short-term disability and LTD policy was to provide Ms. French a monthly benefit in the event that she became disabled.

7. The short-term disability policy defines Disability, in pertinent part, as follows:

> *"Disability means that you are under the continuous care of a Physician, and you cannot perform one or more of the essential duties of your own occupation because of an accidental bodily injury, a sickness, a mental illness, substance abuse, or pregnancy."*

8. The LTD policy defines Disability, or Disabled, in pertinent part, as follows:

> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: (1) unable to perform the material duties of his or her Regular job; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Job.*
>
> *After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if solely because of Injury or Sickness, he or she is: (1) unable to perform the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

> *After Disability Benefits have been payable for 48 months, the Employee is considered Disabled if solely due to injury or Sickness, he or she is: (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become qualified based on education, training, or experience; and (2) unable to earn 60% or more of his or her Indexed Earnings.*

9. Ms. French has suffered, and continues to suffer, from myalgic encephalomyelitis (ME/CFS), chronic clostridioides difficile infection, helicobacter pylori, small bowel bacterial overgrowth syndrome, hypothyroidism, diarrhea and inability to tolerate food. Ms. French has lost over 25 pounds since falling ill.

10. Ms. French is prevented from performing the material duties of her regular occupation, or any occupation, on a full-time basis due to her disability; Ms. French is disabled under the terms of the short-term disability policy and the LTD policy.

11. Ms. French was forced to discontinue working on or around July 17, 2020, due to her disabling conditions.

12. In accordance with the procedures set forth by the short-term disability policy, Ms. French notified Defendant of her disability.

13. By letter dated September 17, 2020, Defendant denied Ms. French's claim for short-term disability benefits.

14. Ms. French timely appealed Defendant's decision to deny her short-term disability benefits on or about October 21, 2020.

15. Defendant denied Ms. French's appeal for short-term disability benefits by letter dated April 6, 2021. Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

16. By letter dated September 16, 2021, Ms. French submitted her claim for long-term disability benefits.

17.     By letter dated, October 5, 2021, Ms. French submitted additional medical evidence to supplement her claim.

18.     By letter dated, October 8, 2021, Ms. French submitted additional medical evidence to supplement her claim and requested a status update on her claim.

19.     By letter dated October 19, 2021, Ms. French again requested a status update on her claim.

20.     By letter dated October 21, 2021, Defendant requested additional information from Ms. French's primary care physician. Although Ms. French never claimed to be disabled due to a mental health condition, Defendant also requested information from her psychologist.

21.     By letter dated October 22, 2021, Ms. French provided the additional information from Ms. French's primary care physician that was requested by Defendant on October 21, 2021.

22.     By letter dated November 1, 2021, Ms. French informed Defendant that its decision on her LTD claim was past the 45-day benefit determination deadline under ERISA.

23.     By letter dated November 12, 2021, Ms. French informed Defendant a second time that its decision was past-due, and she demanded notification of its benefit determination. Ms. French also reminded Defendant that her disability was due to ME/CFS, a physical condition, and as such, she was declining to provide the notes from her psychologist.

24.     By letter dated November 19, 2021, Defendant again requested information from Ms. French's primary care physician and psychologist. Defendant failed and refused to acknowledge that it was in violation of ERISA claims procedure requiring a benefit determination within 45 days.

25.     By letter dated November 23, 2021, Ms. French informed Defendant a third time that the deadline to render a decision had passed and informed Defendant that if it "continue[d] to

violate ERISA claim procedures by not promptly communicating a decision, Ms. French will have to file suit on December 2, 2021."

26. Defendant ignored Ms. French's three (3) letters dated November 1, 2021, November 19, 2021, and November 23, 2021, advising Defendant that it was in violation of ERISA by not timely making a benefit determination.

27. Defendant has failed and refused to render a long-term disability benefit decision in the time period allowed under ERISA.

28. Ms. French's long-term disability claim is deemed denied by Defendant's failure to render a timely decision.

29. In denying Ms. French's claim for short-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants. Defendant further refused to approve Ms. French's long-term disability benefits after she provided proof of disability within the timeframe allotted by ERISA law.

30. The denial of Ms. French's disability benefits constitutes a breach of the disability insurance policies' terms, and the decision was wrong and arbitrary and capricious.

31. Defendant's denial of Ms. French's long-term disability benefits breached the fiduciary duties owed to Ms. French under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. French as a participant of the short-term and long-term disability policies.

### IV.     COUNT I: SHORT-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 31 as if fully stated herein and says further that:

32. Plaintiff is entitled to certain benefits of the policy consisting of past short-term

disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

33. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the short-term disability policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

34. Defendant has refused to pay the benefits sought by Ms. French, ignoring the medical records and clear opinions of numerous physicians.

## V.   COUNT II: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 34 as if fully stated herein and says further that:

35. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

36. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the LTD policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

37. Defendant has refused to pay the benefits sought by Ms. French, ignoring the medical records and clear opinions of her treating physicians.

## VI.   COUNT III: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 37 as if fully stated

herein and says further that:

38. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VII. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 38 as if fully stated herein and says further that:

39. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

40. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

41. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the disability insurance policies had she not been wrongfully denied benefits by Defendant.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dawn Michelle French, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 7th day of December 2021.*

/s/ Edward P. Dabdoub
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Emily Quirino (FBN. 1031320)
emily@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Dawn Michelle French*

7