UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24274-CIV-ALTONAGA

**DAWN MICHELLE FRENCH**,

    Plaintiff,
v.

**LIFE INSURANCE COMPANY OF
NORTH AMERICA**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On December 7, 2021, Plaintiff, Dawn Michelle French, filed a Complaint for Disability Benefits [ECF No. 1] asserting three claims for relief. (*See id.* ¶¶ 32–38). Upon review of the Complaint, the Court concludes it must be dismissed for the reasons explained below.

"[A] district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981) (alteration added; citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). A "shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint here is a quintessential shotgun pleading, violating Rule 8(a)(2). The Complaint contains three counts, each of which "incorporates the allegations contained in [the preceding paragraphs and prior Counts] as if fully stated herein[.]" (Compl. 5, 6–7 (alterations added)). For example, Count II, which concerns long-term disability benefits, incorporates Count I, which concerns short-term disability benefits. (*See id.* 6). This is precisely the kind of shotgun pleading the Eleventh Circuit has repeatedly condemned, as "[t]he result is that [the second and third] count[s] [are] replete with factual allegations [and legal conclusions] that could not possibly be material to th[ose] specific count[s]." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added). The Court is "unwilling to address and decide serious [] issues on the

basis of this [C]omplaint." *Id.* (alterations added).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **December 15, 2021** to submit an amended complaint curing the foregoing deficiencies. The submission of another shotgun pleading will result in the entry of an order of dismissal without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 8th day of December, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record