**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.: 1:21-cv-24274-CMA

DAWN MICHELLE FRENCH,

    Plaintiff,

v.

FMR LLC; AND
LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____/

**SECOND AMENDED COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Dawn Michelle French, by and through undersigned counsel and by consent of opposing counsel pursuant to Fed. R. Civ. P. 15(2), files her Second Amended Complaint against Defendants, FMR LLC and Life Insurance Company of North America:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Dawn Michelle French ("Ms. French"), is a citizen of the United States and was at all times relevant an eligible plan participant of an employee welfare benefits plan as defined under ERISA, 29 U.S.C. §1002(1) providing short-term disability benefits and the long-term disability benefits.

3. Defendant, FMR LLC ("FMR"), is the plan sponsor and plan administrator of the Fidelity Investment Group Employee Short-Term Disability Plan – 530 (the "STD Plan") at issue.

Defendant, Life Insurance Company of North America ("LINA"), is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida. LINA is the claims administrator and insurer of the long-term disability insurance policy (the "LTD Policy") at issue.

### III.   FACTS

4. At all times material to this action there was in full force and effect an employee benefit plan providing short-term disability benefits under the STD Plan.

5. At all times material to this action there was in full force and effect a group insurance policy, the LTD Policy insured by LINA, providing long-term disability benefits.

6. Claims for disability benefits under the STD Plan and LTD Policy are administered by LINA.

7. At all times material, LINA operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets under the LTD Policy.

8. Ms. French was employed with Fidelity Investments as an actuary. By virtue of her employment with Fidelity Investments, Ms. French was an eligible participant of the STD Plan and LTD Policy at all times material to this action.

9. The purpose of the STD Plan and LTD Policy was to provide Ms. French a monthly benefit in the event that she became disabled.

10. The STD Plan defines Disability, in pertinent part, as follows:

> "Disability means that you are under the continuous care of a Physician, and you cannot perform one or more of the essential duties of your own occupation because of an accidental bodily injury, a sickness, a mental illness, substance abuse, or pregnancy."

11. The LTD Policy defines Disability, or Disabled, in pertinent part, as follows:

*The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: (1) unable to perform the material duties of his or her Regular job; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Job.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if solely because of Injury or Sickness, he or she is: (1) unable to perform the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 48 months, the Employee is considered Disabled if solely due to injury or Sickness, he or she is: (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become qualified based on education, training, or experience; and (2) unable to earn 60% or more of his or her Indexed Earnings.*

12. Ms. French has suffered, and continues to suffer, from myalgic encephalomyelitis (ME/CFS), chronic clostridioides difficile infection, helicobacter pylori, small bowel bacterial overgrowth syndrome, hypothyroidism, diarrhea and inability to tolerate food. Ms. French has lost over 25 pounds since falling ill.

13. Ms. French is prevented from performing the material duties of her regular occupation, or any occupation, on a full-time basis due to her disability; Ms. French is disabled under the terms of the STD Plan and the LTD Policy.

14. Ms. French was forced to discontinue working on or around July 17, 2020, due to her disabling conditions.

15. In accordance with the procedures set forth by the STD Plan, Ms. French notified Defendants of her disability.

16. By letter dated September 17, 2020, LINA, on behalf of FMR, denied Ms. French's claim for short-term disability benefits.

17. Ms. French timely appealed Defendants' decision to deny her short-term disability

3

benefits on or about October 21, 2020.

18. LINA, on behalf of FMR, denied Ms. French's appeal for short-term disability benefits by letter dated April 6, 2021.

19. Ms. French exhausted her appeals under the STD Plan as required by ERISA.

20. By letter dated September 16, 2021, Ms. French submitted her claim for long-term disability benefits to LINA.

21. By letter dated, October 5, 2021, Ms. French submitted additional medical evidence in support of her long-term disability claim.

22. By letter dated October 8, 2021, Ms. French submitted additional medical evidence and requested a status update on her long-term disability claim.

23. By letter dated October 19, 2021, Ms. French again requested a status update.

24. By letter dated October 21, 2021, LINA requested additional information from Ms. French's primary care physician. Although Ms. French never claimed to be disabled due to a mental health condition, Defendant also requested information from her psychologist.

25. By letter dated October 22, 2021, Ms. French provided the additional information from her primary care physician that was requested in LINA's October 21, 2021 letter.

26. By letter dated November 1, 2021, Ms. French notified LINA that its decision on her long-term disability claim was past the 45-day benefit determination deadline under ERISA.

27. By letter dated November 12, 2021, Ms. French notified LINA a second time that its decision was past-due and she demanded notification of its benefit determination. Ms. French also reminded LINA that her disability was due to ME/CFS, a physical condition, and as such, she was declining to provide office notes from her psychologist.

28. By letter dated November 19, 2021, LINA again requested information from Ms.

French's primary care physician and psychologist. LINA failed and refused to acknowledge that it was in violation of the ERISA deadline.

29. By letter dated November 23, 2021, Ms. French notified LINA a third time that the deadline to render a decision had passed and cautioned LINA that if it "continue[d] to violate ERISA claim procedures by not promptly communicating a decision, Ms. French will have to file suit on December 2, 2021."

30. LINA ignored Ms. French's three (3) letters dated November 1, 2021, November 19, 2021, and November 23, 2021, advising LINA that it was in violation of ERISA by not timely making a benefit determination.

31. LINA has failed and refused to render a long-term disability benefit decision in the time period allowed under ERISA.

32. Ms. French's long-term disability claim is deemed denied by LINA's failure to render a timely decision.

33. In denying Ms. French's claim for short-term disability benefits, LINA deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants. LINA further refused to approve Ms. French's long-term disability benefits within the timeframe allotted by ERISA law after she provided proof of disability.

34. The denial of Ms. French's disability benefits constitutes a breach of the STD Plan and LTD Policy, and the decision was wrong and arbitrary and capricious.

35. LINA's denial of Ms. French's short and long-term disability benefits breached the fiduciary duties owed to Ms. French under ERISA. LINA further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. French as a participant of the STD policy and LTD policy.

## IV. COUNT I: SELF-FUNDED SHORT TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 4, 6, 8 through 19 and 33 through 35 as if fully stated herein and says further that:

36. Plaintiff is entitled to certain benefits of the STD Plan consisting of past short-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

37. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the STD Plan;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

38. LINA, on behalf of Defendant FMR, has refused to approve payment of the benefits sought by Ms. French, ignoring the medical records and clear opinions of numerous physicians.

## V. COUNT II: INSURED LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 3, 5 through 9, 11 through 14, and 20 through 35 if fully stated herein and says further that:

39. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

40. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the LTD Policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

41. LINA has refused to pay the benefits sought by Ms. French, ignoring the medical records and clear opinions of her treating physicians.

## VI.    COUNT III: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 41 as if fully stated herein and says further that:

42. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VII.    RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 42 as if fully stated herein and says further that:

43. As a result of the acts and/or omissions of Defendants as alleged herein, Defendants owe Plaintiff unpaid short-term and long-term disability benefits, plus interest.

44. Defendants are also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

45. Defendants are also liable to place Plaintiff in the position she would have enjoyed under the disability insurance policies had she not been wrongfully denied benefits by Defendants.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dawn Michelle French, prays for a judgment against Defendants for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 20th day of January 2022.*

>/s/ Edward P. Dabdoub
> Edward Philip Dabdoub (FBN. 45685)
> eddie@longtermdisability.net
> Emily Quirino (FBN. 1031320)
> emily@longtermdisability.net
> DABDOUB LAW FIRM, P.A.
> 1600 Ponce de Leon Blvd., Suite 1202
> Coral Gables, Florida 33134
> Tel:  (305) 754-2000
> Fax: (305) 754-2007
> *Attorneys for Plaintiff, Dawn Michelle French*